## ELLIS v. ALLEN.

### Promissory Note. Payment.

Defendant bought plaintiff's undivided half of certain premises and property, and gave his notes therefor. He subsequently sold the same to B., who, by agreement with the plaintiff and defendant, assumed said notes, whereupon plaintiff released defendant from certain thereof secured by mortgage. One of said notes not secured by mortgage subsequently passed into R's hands, and while there, plaintiff agreed with B. that if he, with his co-tenant, would rebuild a mill that had been destroyed on said premises, and deliver a certain amount of lumber to R., and a certain other amount to other parties named, plaintiff would pay the note in R's hands, and not call on B. for payment thereof; and B. rebuilt the mill and delivered the lumber accordingly. About four years afterwards, B. claimed that half the price of the lumber delivered to the other parties as aforesaid, should be applied on a note given in renewal of the note given to take up one of said mortgage notes, and plaintiff yielded to that claim, and made the application, without the knowledge or consent of defendant. *Held*, that the delivery of the lumber to R. as aforesaid was a payment of that note as to the defendant.

ASSUMPSIT upon a promissory note. The third plea alleged,

That on the 21st of April, 1869, defendant purchased plaintiff's undivided half of certain real and personal estate that he then owned in company with one Thompson, and gave plaintiff therefor two notes for six hundred dollars each, and one note for three hundred dollars, which were secured by mortgage on one half of the mill property that defendant purchased of plaintiff, and one note for five hundred dollars, and the note in suit for four hundred and fifty dollars; and that on the 21st of September, 1869, defendant sold all said property to D. J. Boynton; and it was then agreed between plaintiff and defendant

69

and said Boynton, that the said Boynton should assume and pay all the aforesaid notes to plaintiff; and plaintiff at the same time released defendant from the payment of said notes secured by mortgage as aforesaid; and on the 4th of October, 1869, the mill on said premises was swept away by a flood, and the premises otherwise greatly damaged by said flood, so that they were insufficient security for the debt due to plaintiff on said mortgage as aforesaid, which was then wholly unpaid, and the plaintiff had no sufficient security for the same, and the said Boynton then had no other property with which to pay or satisfy his said indebtedness to plaintiff; and for a long time afterwards it was a matter of doubt whether said Boynton, or the said Thompson and Boynton, would or could repair said premises or rebuild said mill; and the plaintiff, at said Springfield, on the first day of November, 1869, in consideration that said Boynton would furnish to Gilman & Townsend about one hundred dollars worth of lumber, to S. K. Randall, who was then the holder of the note in suit, about one hundred and fifty dollars worth of lumber, and to Ellis, Britton & Eaton between fifty and sixty dollars worth of lumber, and would go on and rebuild said mill in company with the said Thompson, he the plaintiff then and there promised said Boynton that he would pay the note in suit, then in said Randall's hands, to said Randall, and not call on said Boynton for the same; and defendant says that said Boynton did furnish said lumber to the said several parties as aforesaid, and did go on and rebuild said mill, and thereby satisfied and paid said note in full.

To this plea the plaintiff replied,

That although it is true that plaintiff, at said Springfield, on the first day of November, 1869, in consideration that said Boynton would furnish to Gilman & Townsend about one hundred dollars worth of lumber, to S. K. Randall about one hundred and fifty dollars worth of lumber, and to Ellis, Britton & Eaton between fifty and sixty dollars worth of lumber, and would go on and rebuild said mill in said plea mentioned, then and there promised said Boynton that he would pay the note in suit, and not call on said Boynton for the same; and though it is true that said Boynton did go on and rebuild said mill, yet as to the furnishing said lumber to said Gilman & Townsend, and to the said Ellis, Britton & Eaton, the plaintiff saith that said Boynton did deliver to said Gilman & Townsend, lumber to the value of eighty-six dollars and seventy-three cents, and to the said Ellis, Britton & Eaton, lumber to the value of seventy-two dollars and sixty cents; but the plaintiff says that one of said six hundred dollar notes

mentioned in said plea was renewed and paid by giving a new note to plaintiff for seven hundred dollars, signed by said Boynton, and Luther G. Boynton surety, and afterward said seven hundred dollar note was part paid in money, and the balance by giving a new note to plaintiff for five hundred dollars, signed by the said Boynton and Luther G. Boynton, and that in January, 1873, plaintiff, who was then living out of the state, sent the said five hundred dollar note to the First National Bank of Springfield, Vt., for collection, and demanded payment on the same of the said D. J. Boynton, which was then due, and said Boynton refused to pay the same unless plaintiff would allow in offset thereon, among other things, one half of said bills of lumber that said Boynton had delivered to the said Gilman & Townsend and the said Ellis, Britton & Eaton, amounting to seventy-nine dollars and sixty-six cents ; and that said Boynton claimed at said bank at the time of paying the said five hundred dollar note, and before, that said sum of seventy-nine dollars and sixty-six cents should be allowed in offset, and applied in part payment of said note, and said sum of seventy-nine dollars and sixty-six cents was allowed and applied in part payment of said note at that time, to wit, on the 11th of February, 1873, at Springfield, aforesaid, and said sum of seventy-nine dollars and sixty-six cents never was applied in part payment of the note in suit.

General demurrer to the replication. The court, at the May Term, 1875, BARRETT, J., presiding, sustained the demurrer, adjudged the replication insufficient, and rendered judgment for the defendant to recover his costs. Exceptions by plaintiff.

*J. W. Pierce*, for plaintiff.

Boynton agreed to pay the note by rebuilding his half of the mill, and by furnishing bills of lumber to three different parties. If Boynton would furnish the three bills of lumber, the plaintiff would give him the benefit of the balance due on the note, to help him rebuild. Boynton did not furnish the lumber to Ellis, Britton & Eaton, nor to Gilman & Townsend, as meant by the contract, when he delivered lumber to them and collected pay for the same, and, therefore, has not paid the note. Boynton having refused to carry out the terms of the agreement with the plaintiff, the plaintiff is entitled to recover of the defendant the full amount of the note.

*Wm. M. Pingry*, for defendant.

No part of the plea is traversed by the replication. That agreement made Boynton instead of the defendant, the plaintiff's debtor for the amount due on the note in suit; and if nothing further had been done, the plaintiff could not sustain the suit against the defendant. *Pangborn* v. *Saxton*, 11 Vt. 79; *Eaton* v. *Whitcomb*, 17 Vt. 641; *Ambler* v. *Bradley*, 6 Vt. 119; *Crampton* v. *Ballard*, 10 Vt. 251; 3 T. R. 180.

But if this were not so, the actual payment of the note by Boynton, as alleged in the plea, was a good and full payment, and relieved the defendant and Boynton from all liability thereon. The fact that three years afterwards, Boynton required the plaintiff to give him something to pay another note, or claimed it as an offset, does not revive a note against the defendant that has been fully paid. If the plaintiff has any claim, it is against Boynton, and for the balance due on Boynton's note, which, if the replication be true, he did not pay in full. *Wheeler* v. *Wheeler*, 11 Vt. 60; *Stevens* v. *Tuttle*, 3 Vt. 519; *Slasson* v. *Davis*, 1 Aik. 73; *Bronson* v. *Rugg*, 39 Vt. 241; *Camp* v. *Page*, 42 Vt. 739; *Walbridge* v. *Kibbee*, 20 Vt. 543.

The opinion of the court was delivered by

Ross, J. The defendant's third plea avers that he gave the note in suit, with other notes there specified, to the plaintiff for the purchase of some property, and that a part of said notes were secured by mortgage on said property; that subsequently he sold the same property to D. J. Boynton, whereupon it was agreed between the plaintiff, defendant, and Boynton, that Boynton should assume and pay all of said notes to the plaintiff, and that the plaintiff released the defendant from such of said notes as were secured by mortgage. The note in suit was not secured by mortgage. This agreement between the three made it the duty of Boynton to pay the note in suit, and carried knowledge to the plaintiff that the defendant had paid the note in suit to Boynton, so that thereafter, as between the defendant and Boynton, Boynton was the principal upon the note and the defendant a surety. The plea further avers, that afterwards, the mill standing on the prem-

ises on which that part of the notes from the payment of which the plaintiff had released the defendant were secured, was washed away, and that thereby the security for the payment of those notes became doubtful, whereupon the plaintiff agreed with said Boynton, in consideration that Boynton would deliver a certain amount of lumber to other parties named, and rebuild the mill, that the plaintiff would pay the note in suit, then in the hands of a Mr. Randall, and not call upon the said Boynton for the same, and that said Boynton performed his part of said agreement. This is tantamount to an averment that Boynton paid and satisfied the note to the plaintiff, or did what the plaintiff agreed to receive as satisfaction for his paying the note to the then holder, Randall. When Boynton had thus paid and satisfied the plaintiff for paying and taking up the note from Randall, his payment of the note to Randall was a satisfaction of the note, and not a purchase thereof. The plaintiff thereafter could not set up the note as a debt against the defendant or Boynton. By the performance by Boynton of the agreement between him and the plaintiff, the note became the plaintiff's note to pay ; and when he paid it to Randall, he paid his own note, and created a debt against no one. By his agreement with Boynton, and the performance thereof by Boynton, the plaintiff discharged Boynton from the payment of the note ; and as he knew that as between Boynton and the defendant, Boynton was principal and the defendant surety, he thereby also discharged the defendant from the payment of the note. A discharge by the creditor of the known principal on his debt, discharges also the known surety on the same debt. This we think is the legal effect of the facts set forth in the defendant's third plea, and that they operate as a bar to the collection by the plaintiff of the note in suit.

We do not think that the plaintiff's replication sets forth any facts that countervail the effect of the plea. It admits the agreement, and its performance by Boynton, by which the plaintiff was bound to pay the note in suit, and not call upon Boynton for it, but avers that some four years after, in some transactions with Boynton that grew out of the payment of one of the notes secured by mortgage, and from the payment of which the plaintiff released ·

the defendant, Boynton claimed and insisted that he should allow him for part of the lumber which he, Boynton, had delivered to third parties in fulfillment of his agreement concerning the payment of the note in suit, and that he yielded to Boynton's claim. But he states no facts that show that he was under any legal obligation to allow the claim made by Boynton, or that in any way connect the defendant with such allowance. So far as the defendant was concerned, the transaction set forth in the replication might as well have never transpired. It did not and could not operate to revive the note in suit which had been, on the facts stated in the plea, once paid and satisfied, both as against Boynton and the defendant.

Judgment affirmed.