HANOVER *v.* DEWEY & *a.*

Upon Gen. St., *c.* 34, *ss.* 12 and 15, a town may maintain an action against rioters for their destruction of property for which the town has paid the owner, although the town paid the damages in pursuance of an award in a voluntary arbitration, and without a suit at law.

A declaration, in a plea of the case, that would be good as a declaration in case but for the averment " whereby and by reason of all which an action has accrued to the plaintiff to recover of the defendant said sums and interest, and the defendant has been requested to pay the same, but has refused," is not made bad, nor made anything else than a declaration in case, by that unnecessary·averment, when it was evidently intended to be in the form of case, and when case is the proper form.

CASE, upon Gen. St., *c.* 34, *ss.* 12 and 15, to recover damages paid for property destroyed by the defendants in a riot. It was alleged in the declaration, that Parker, the owner of the property, being thus injured, on a certain day called on the plaintiffs to indemnify him for his loss, and the plaintiffs and Parker, not being able to agree as to the liability of the town, submitted Parker's claim to the arbitration of P., D., and C., and the town requested the defendants to join in the arbitration, but they refused; and after fully hearing both sides, the arbitrators made their award that the town pay Parker certain damages and costs, by which award the town became liable, and was compelled to pay and has paid said sums to said Parker.

The declaration contained the averment, " whereby and by reason of all which an action has accrued to said town of Hanover to recover of said defendants said sums and interest, and the defendants have been requested to pay the same, but have refused." Without this averment the declaration would have been in the form of a declaration in case. The defendants demurred.

*Bingham & Mitchell* (with whom was *S. B. Page*), for the defendants. The plaintiffs are not entitled to recover in this action, for two reasons, viz.,—I. First, because they have not indemnified " the owner " of "the property * * injured or destroyed, in an action on the case," as required by the law which they here seek to enforce. The plaintiffs' pretended right, which they aim here to enforce, is a creature of the statute. It does not now exist under the common law, nor did it at the time of the enactment of the statute. The statute fixes the mode in which the liability of the town " to indemnify the owner " of the property injured or destroyed is to be established, viz., by an " action on the case." The party whose property was injured or destroyed had no right of recovery against the plaintiff town, which was capable of being enforced, except " in an action on the case." To enable the

plaintiffs to recover of the defendants, it must first be established not only that they have paid money to the party whose property was injured or destroyed, but it must appear that the plaintiffs' liability was established in the mode prescribed by the statute. Unless the plaintiffs paid "money, under the provisions of the twelfth section" of chapter thirty-four of the General Statutes, and paid it in accordance with the provisions of that section, they have no right capable of being enforced against these defendants under the fifteenth section. It is purely a statutory right, and the plaintiffs must show that they have conformed strictly to the statutory requirements.

Have the plaintiffs "*paid money* under *the provisions* of the twelfth section"? The plaintiffs paid money upon the award of arbitrators. The arbitration must have been voluntary on the plaintiffs' part, as there was no statute making it obligatory on the part of the plaintiffs to enter into it. This mode of ascertaining the plaintiffs' liability to Parker, and its extent, is entirely outside of the provisions of section twelve, because that section makes no provision for arbitration to determine the liability and its extent. This mode of trial being unauthorized by section twelve, money paid on the result reached is not paid "under the provisions of section twelve." There is but one way pointed out by the statute for determining this question of liability and its extent, viz., "in an action on the case," and everything done in a different mode is unauthorized, and not binding or conclusive upon any one except those who are parties to it. To this arbitration these defendants were not parties, and by its result they cannot be bound, any more than they can be bound by the result of an arbitration between Jones and Roe to determine the amount of damages Jones should pay Roe for an assault upon him. If the town can refer their liability to arbitration, and then recover of any person who has had to do with the injury or destruction of the property the amount of the award, why can they not agree with the person whose property was destroyed that his estimate of the loss and his judgment of its liability shall be conclusive, and then recover of the other parties the amount thus paid, thus obliging them to take the estimate of loss and judgment of liability of a person to whom they would never submit it, and bind them by an agreement in which they never had any voice? It will readily be seen what incalculable injury a license of this kind would work to the rights of third persons.

The form or mode prescribed by the statute would amount to nothing if the plaintiffs can maintain their action. Debt, trover, assumpsit, or trespass would answer just as well, so long as the town did not object to it. The defendants can only be made liable to pay to the town money which the town was *compelled* to pay Parker under this statute. The town cannot voluntarily pay money, and then recover it of the defendants. "Where an offence is created by statute, and the same statute prescribes the penalty, or the mode of procedure, or anything else of the sort, only that which the statute prescribes can be followed." Bishop on Statutory Crimes, *s.* 250 ; *Renwick* v. *Morris,*

7 Hill 575;—see, also, *Dudley* v. *Mayhew*, 3 N. Y. 9 ; *Almy* v. *Harris*, 5 Johns. 175 ; Swift's Digest 585 ; *Smith* v. *Drew*, 5 Mass. 514 ; *Gedney* v. *Tewksbury*, 3 Mass. 307 ; *Chesley* v. *Smith*, 1 N. H. 22 ; *Green* v. *Bailey*, 3 N. H. 34 ; *Briggs' Petition*, 29 N. H. 551. When the legislature authorizes an act which in its consequences is injurious to the rights of others, and for such injuries prescribes the mode for recovering damages, the statutory remedy must be strictly followed.    *Lebanon* v. *Olcott*, 1 N. H. 339 ; *Woods* v. *Nashua M'f'g Co.*, 4 N. H. 527 ; *Stevens* v. *Mid. Canal*, 12 Mass. 466 ; *Spring* v. *Russell*, 7 Greenl. 273 ; *Calking* v. *Baldwin*, 4 Wend. 667.

II. The plaintiffs are not entitled to maintain their action, because the declaration is not a declaration in case, as is required by the statute. The declaration is an admixture of some of the elements of a declaration in the actions of case, debt, and assumpsit.    Its allegation of " whereby and by reason of all which an action has accrued to said town of Hanover to recover of said defendants said sums and interest," is an allegation in an action of debt.    Its conclusion, " and that the defendants have been requested to pay the same, but have refused," is the conclusion of a declaration in an action of assumpsit.

*Duncan*, for the plaintiffs.    " In an action on the case," in *s.* 12, is merely directory, and is not a condition precedent to enable a town to recover what it has paid.    The selectmen, as managers of the prudential affairs of the town (Gen. St., *c.* 37, *s.* 2), had authority to submit the question of the town's liability to arbitration, and to perform the award.    *Sanborn* v. *Deerfield*, 2 N. H. 251 ; *Andover* v. *Grafton*, 7 N. H. 298 ; *Hanover* v. *Eaton*, 3 N. H. 38 ; *Union* v. *Crawford*, 19 Conn. 331 ; *Knowlton* v. *Plantation*, 14 Me. 20 ; *Cabot* v. *Britt*, 36 Vt. 349, 351 ; *Hoit* v. *Cooper*, 41 N. H. 111.    The allegation " whereby " &c., is superfluous, and may be stricken out.

*Carpenter*, on the same side.    These defendants are not bound by the award.    As they were not notified to defend a suit, the question of their liability is open, as it was in *East Kingston* v. *Towle*, 48 N. H. 57.    The town settled Parker's claim by voluntary arbitration at their peril.    But if he had recovered judgment against the town for the damages, after full trial, in an action of debt or assumpsit instead of case, that would not have defeated the town's right of action against these defendants.    The town were not bound to waste their money in litigation with Parker to get a remedy against the rioters.

FOSTER, J.    It would be as unreasonable in this case as it was in *Smith* v. *Foran*, 43 Conn. 244, 250, 251, to annex to the plaintiffs' natural and just relief the condition that the owner of the property must be resisted through an expensive lawsuit.    And the unreasonableness of such a requirement shows the intent of the legislature and the true construction of the statute.    By *s.* 12, the town is liable to indemnify the owner in an action on the case.    By *s.* 15, the

town paying money "under the provisions of the twelfth section," may recover the same, in an action on the case, of the rioters. The meaning of *s.* 15 is, that in an action on the case there is a remedy for a town that pays money to the owner, when, by *s.* 12, it is liable to indemnify. Its remedy depends upon its discharging its liability by payment, and not upon the form of the action by which its liability is enforced.

Notwithstanding the unnecessary averment in relation to the accruing of the action, and demand and refusal, the declaration is in case.

*Demurrer overruled.*

ALLEN, J., did not sit.