THE JERSEY CITY.[1]

CORNELL STEAM-BOAT CO. v. THE JERSEY CITY.

*(District Court, E. D. New York. July 21, 1890.)*

COLLISION—SUBROGATION.

Libelants, a towing line, held a contract to tow all the boats of the Delaware & Hudson Canal Company. While towing one of their boats, it was run into and sunk by a ferry-boat. The canal company claimed that the libelant was liable to them for the damage. Libelants denied this, notwithstanding which the canal company deducted the amount of the damages from their next payment to libelants. Libelants refused to recognize their right to make this deduction, but the money was withheld until the statute of limitations was about to run in favor of the colliding ferry-boat, when the libelants assented to the deduction, and brought this action in their own name against the ferry-boat. On exception to the libel on the ground that it showed no cause of action in favor of the libelants, *held* that, under the circumstances, libelants were subrogated to the rights of the canal company, and the exception should be overruled.

In Admiralty. On exception to libel.

*Robert D. Benedict,* for libelants.

*Robinson, Bright, Biddle & Ward,* for claimants.

BENEDICT, J. This action is brought by the owners of the tug-boat Genl. Sheridan, to recover of the ferry-boat Jersey City the damages done to the coal-boat No. 3,059, and her cargo of coal, while being towed by the Genl. Sheridan, in a collision between that boat and the ferry-boat Jersey City. The libel avers that the collision was caused by the sole negligence of the ferry-boat; that the libelants have paid to the Delaware & Hudson Canal Company, the owners of the coal-boat No. 3,059, the damages so caused; and that by reason thereof they have been subrogated to the rights of the Delaware & Hudson Canal Company to recover said damages of the ferry-boat. Wherefore they pray to recover of the said ferry-boat the sum they have so paid the Delaware & Hudson Canal Company. To this libel the exception is taken that it sets forth no cause of action, because the libelants' payment of the Delaware & Hudson Canal Company's claim, as owners of boat No. 3,059, and cargo, for damages sustained while in charge of the libelants' tug, Genl. Sheridan, confers no right of subrogation upon the libelants.

It appears by the evidence that the libelants had a contract with the Delaware & Hudson Canal Company to tow all their boats at certain prices, for which they were to be paid on the 10th day of each month. This towing they agreed to do in a skillful, judicious, careful, and effective manner, and they also agreed to pay all damages and losses that the Delaware & Hudson Canal Company might sustain by reason of the omission of the libelants so to do such towing. Upon the happening of the collision in question, the Delaware & Hudson Canal Company set up the claim that the libelants were liable to them for the damages done the coal-boat. This the libelants denied, notwithstanding which

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

the Delaware & Hudson Canal Company deducted the amount of the damages from the next payment due the Cornell Steam-Boat Company under the towing contract. The Cornell Steam-Boat Company refused to recognize the right to make this deduction, but the Delaware & Hudson Canal Company held back this amount from the towing bills until the statute of limitation was about to run in favor of the ferry-boat. Then the Cornell Steam-Boat Company assented to the deduction, and at once brought this action.

In determining the question raised by the exception it must be conceeded that payment by a mere stranger confers no right of subrogation. As declared in the authorities, the rule is not, however, limited to payments by a surety, but will apply "in every instance, (except in the case of a mere stranger,) when one man has paid a debt for which another is primarily liable." Bisp. Eq. § 337. The question, therefore, is whether the position of the libelants is that of a "mere stranger," within the meaning of the rule. In *Acer* v. *Hotchkiss*, 97 N. Y. 395, it is said that the right of subrogation may be claimed by one who pays the debt of another under some compulsion; and it seems to me that the libelants may fairly enough be said to have paid the debt due the Delaware & Hudson Canal Company by the ferry-boat under compulsion. That corporation owed them money exceeding the amount of this claim for damages, which it refused to pay except subject to a deduction of the amount of this debt. The libelants were thus compelled to either acquiesce in the deduction made by the Delaware & Hudson Canal Company from the monthly bill, and claim to be subrogated to the right against the ferry-boat, or to bring a suit against the Delaware & Hudson Canal Company under the towing contract, and so put that company to a second suit against the defendants. By acquiescing, under these circumstances, in the deduction made from their bills, and bringing this suit, they enabled the controversy to be settled by one suit instead of two, and equity should therefore uphold them in so doing. Furthermore, if a different course had been pursued, and the Delaware & Hudson Canal Company had been driven to sue the ferry-boat, it would have been within the power of the ferry-boat to bring the libelants into that suit, they having had charge of the navigation of the coal-boat at the time she was injured. This liability to be made a party to the controversy is in my opinion sufficient to prevent the libelants' payment from being held to be the payment of a mere stranger. Moreover, while the ferry-boat, if compelled to answer to the libelants, will be held to precisely the same extent, and in precisely the same manner, as if the action were by the Delaware & Hudson Canal Company; if not compelled to answer to the libelants, they will escape all liability, and in this way be enabled to cast upon the libelants a loss for which the ferry-boat alone may be found responsible. Evidently the position taken by the ferry-boat is devoid of equity.

Under such circumstances, it will serve the purposes of justice to compel them to answer to the libelants, and in my opinion no rule of law will be violated thereby. "The doctrine of subrogation," says the New

York court of appeals, (*Acer* v. *Hotchkiss*, 97 N. Y. 395, 402,) "is a device to promote justice. We shall never handle it unwisely if that purpose controls the effort, and the resultant equity is kept in view." It seems to me that the equity resulting from a recognition of the right of subrogation in this case, and the inequity resulting from its rejection, show that I shall not handle the doctrine unwisely if I apply it in favor of the libelants. The exception is overruled, and the case will proceed to a hearing on the merits.