JOHN  H.  BROWN  *v.*  VERMONT  MUTUAL  FIRE  INSURANCE
COMPANY.

October Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed January 7, 1910.

*Fire Insurance—Destruction of Insured Property by Wrongdoer
—Subrogation of Insurer—Principal and Surety—Liability
of Surety—Release of Principal—Effect—Evidence—Harm-
less Error.*

A wrongdoer's liability for the destruction of insured property by fire
is primary, that of the insurer is secondary; and the insurer,
upon payment, is subrogated, *pro tanto*, to the insured's rights
against the wrongdoer, not by contract or privity, but because of
the relation of principal and surety in such case existing between
the wrongdoer and the insurer.

A release by insured of his whole claim against a wrongdoer for burn-
ing the insured property will bar a subsequest action on the policy
by the insured against the insurer; but the insured may so settle
with the wrongdoer as to reserve the insured's rights to pursue
the insurer.

Where insured settled with a wrondoer for burning the insured prop-
erty, executing a receipt for $300 in full of an account recited to
be for the property above the amount of $250 "for which said
property was insured, payment of said $250 to be paid by the in-
surance companies," the receipt indicated the intention of both
the wrongdoer and the insured to reserve to the latter the right to
collect the avails of his policy from the insurer.

Where the interpretation of a written instrument was for the court,
and its finding based thereon was in exact harmony with its legal
effect, the admission of oral evidence of the intention of the parties
thereto was harmless.

ASSUMPSIT on a fire insurance policy. Plea, the general
issue. Trial by the Orleans County Municipal Court, *H. B.*
11

*Cushman,* .Judge.    Judgment for the plaintiff.    The defendant excepted.    The opinion states the case.

*Fred L. Laird* for the defendant.

The settlement with the railroad company, and the receipt executed to it is a bar to this suit.    *Sims* v. *Mutual Ins. Co.,* 101 Wis. 586; *Niagara Ins. Co.* v. *Fidelity Co.,* 123 Pa. St. 516; *Pelzer Mfg. Co.* v. *Sun Fire Office,* 36 S. C. 213; *Ins. Co. of No. Am.* v. *Fidelity etc. Co.,* 123 Pa. St. 523.

*John W. Redmond* for the plaintiff.

The settlement in question, being for only that part of the loss in excess of the insurance, is no bar to this action.    *Connecticut Fire Ins. Co.* v. *Erie Railway Co.,* 73 N. Y. 399, 29 Am. Rep. 171; *Hart* v. *Western R. R. Corp.* 13 Met. 99, 46 Am. Dec. 719; *Rockingham Mut. Fire Ins. Co.* v. *Bosher,* 39 Me. 253, 63 Am. Dec. 618; *Conn. Mut. Life Ins. Co.* v. *N. Y. & N. H. R. R. Co.,* 25 Conn. 265; *Clark* v. *Wilson,* 103 Mass. 219; *Mason* v. *Sainsbury,* 31 Doug. 61; *London Assurance* v. *Sainsbury,* 3 Doug. 245; *Railway Co.* v. *Manchester Mills,* 88 Tenn. 653; *Hall* v. *Railroad Co.,* 13 Wall. 367; *St. Louis Ry. Co.* v. *Commercial Union Ins. Co.,* 139 U. S. 223.

POWERS, J.    The plaintiff's barn and its contents were insured for two hundred and fifty dollars by the defendant company.    In June, 1908, by a fire communicated thereto by a locomotive of the Boston & Maine Railroad, they were totally destroyed, resulting in a loss to the plaintiff of at least six hundred dollars.    After the fire, the plaintiff effected a settlement with the railroad evidenced by a writing then executed by him of which the following is a copy:
"Boston & Maine Railroad, September 18, 1908,

To John H. Brown, Barton Landing, Vt., Dr.

For barn and contents destroyed by fire communicated by your locomotive engines on the eighteenth day of June, 1908, situated in the town of Coventry, Vt., near Coventry Station, above the amount of two hundred and fifty dollars, ($250) for

which said property was insured, payment of said two hundred and fifty dollars ($250) to be paid by the insurance companies.

Approved for $300.

(Signed) CHARLES S. PIERCE.

Received Boston, Sept. 29, 1908 of the Boston & Maine Railroad three hundred dollars in full of above account.

(Signed) JOHN H. BROWN.''

Having complied with all the requirements of the policy, the plaintiff brings this suit to recover the amount of his insurance. The company defends on the ground that the receipt above set forth discharged it from liability.

If the railroad was liable for the destruction of this property, its liability was primary and that of the defendant secondary; and the latter, upon payment would be subrogated, *pro tanto*, to the plaintiff's rights against the railroad. *Cushman & Rankin Co.* v. *Boston & Maine Railroad*, 82 Vt. 390, 73 Atl. 1073. This results, as was pointed out in that case, not from contract or privity, but from the relation which exists between the parties—the railroad standing in the position of a principal and the defendant in that of a surety for the plaintiff's loss. It follows as a necessary and logical result of a recognition of such right of subrogation, that a release by the plaintiff of his claim against the railroad would bar his action against the defendant. *Packham* v. *German Fire Ins. Co.*, (Md). 46 Atl. 1066; *Niagara Fire Ins. Co.* v. *Fidelity etc. Co.*, (Pa.) 16 Atl. 790, 10 Am. St. Rep. 543; 1 Clement Fire Ins., 366. And this is but an application of the familiar rule of the law of suretyship that a release of the principal discharges the surety. *Fletcher* v. *Jackson*, 23 Vt. 581, 56 Am. Dec. 98; *Ellis* v. *Allen*, 48 Vt. 545; *Paddleford* v. *Thacher*, 48 Vt. 574. But the release to which we are referring is a full release,—one that covers the whole liability. That an owner can settle with the wrongdoer in such a way as to reserve his right to pursue the insurer is well established. 1 Clement Fire Ins., 367; 4 Cooley Briefs on Ins., 3912. The case of *Connecticut Fire Ins. Co.* v. *Erie Railway Co.*, 73 N. Y. 399, 29 Am. Rep. 171, is a leading authority to this effect. The plaintiff therein insured certain buildings worth $3,400 for $1,500. They were destroyed by fire through the defendant's negligence. The defendant paid the owner a part of the loss taking from him a release which contained the following:

"This settlement is not intended to discharge the Conecticut Fire Insurance Company from any claim which said Martin has against them for insurance, but as a full settlement with, and discharge of, the Erie Railway Company, only." Afterwards the insurance company paid the amount of its policy and brought suit against the railway company, which sought to bar the action by the release. It was held that the plaintiff could recover, since the provision in the release above quoted would prevent its being a defence to an action on the policy. Much the same in principle is *Thomas* v. *Montauk Fire Ins. Co.,* 43 Hun. 218. The plaintiff held a mortgage on certain real estate of one Emerson and carried insurance on it. The policy ran to Emerson but the loss was payable to the plaintiff as mortgagee. The buildings having burned, the plaintiff and Emerson settled and the plaintiff gave a receipt reserving the insurance money. In an action on the policy it was held that the receipt was no bar.

In *Atchinson, T. & S. F. R. Co.* v. *Home Ins. Co.,* 59 Kan. 432, 53 Pac. 459, there was a partially insured fire loss caused by the negligence of the railroad company. The owner accepted from it the excess of the loss above the insurance and gave a release conditioned that it should operate as a full discharge only when the insurance was paid. The insurance company paid its policy and brought suit against the railroad company. It was held that the suit could be maintained. See also *People's Natural Gas Co.* v. *Fidelity Title & Trust Co.,* (Pa.) 24 Atl. 339.

The case in hand falls within these holdings. The receipt which the plaintiff signed plainly indicates an intention on the part of both parties to it to reserve to the plaintiff a right to collect the avails of his policy. It was as effective in the accomplishment of that purpose as though its terms were more explicit. It admits of no other interpretation. Its meaning was for the court, and the error, if any, in receiving evidence of the intention of the parties, was harmless, for the finding based thereon is in exact harmony with the legal construction of the instrument, and adds nothing to the plaintiff's case.

*Judgment affirmed.*