**ATLANTA MILLING COMPANY,**
Appellant,

v.

**NORRIS GRAIN COMPANY, Appellee.**

**No. 17770.**

United States Court of Appeals
Fifth Circuit.

Nov. 3, 1959.

Edward Andrews, Edgar A. Neely, Jr., Candler, Cox, McClain & Andrews, Greene, Neely, Buckley & Derieux, Atlanta, Ga., for appellant.

H. A. Stephens, Jr., Atlanta, Ga., Sidney O. Smith, Jr., Telford, Wayne & Smith, Gainesville, Ga., Smith, Field, Doremus & Ringel, Atlanta, Ga., for Norris Grain Co., appellee.

Before HUTCHESON, CAMERON and JONES, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal tests for error the action of the district judge in striking, on the ground that they failed to state a claim on which recovery could be had, the portions of defendant's counter claim which sought recovery from plaintiff of sums the defendant had paid its customers in settlement of claims for damages to their flocks resulting from eating feed made from corn plaintiff had sold defendant.

This is the record the pleadings make. Appellee, plaintiff below, a grain merchant engaged in the sale of corn, sued for the balance due it by defendant-appellant for corn it had purchased. In reply appellant, alleging that corn sold to it by plaintiff and used by defendant to manufacture a food for chickens, was unfit for such use and greatly deleterious, filed a counter claim for sums which it had paid to its customers in settlement

of claims for damage to their flocks from the use of such feed.

Alleging that it was not a volunteer in making settlement of the claims and that it did not do so without first notifying the plaintiff of all the facts and urging it to investigate and negotiate settlements with the flock owners, it further alleged in great detail the facts attending the settlement. These were: that, upon plaintiff's failing and refusing to do so, defendant investigated each of the claims and furnished to plaintiff itemized written reports sworn to by each of the flock owners; that plaintiff failed and refused to pay same; that thereupon defendant negotiated and made fair and reasonable settlements of the claims, totalling $33,330.41, and made claim upon plaintiff therefor; that plaintiff refused to pay same; and that defendant is therefore entitled to recover from it the payments thus made.

The district judge, stating: that the principal contentions of the plaintiff against the validity of the counter claim are based upon Georgia Code, Sec. 20–1007,[1] and that, in urging that such payments by defendant were voluntary and cannot now be recovered by defendant, plaintiff cites the Georgia decision of Terrell v. Stevenson, 97 Ga. 570, 25 S.E. 352 as conclusive against defendant; determined that, in making the payments, defendant was a volunteer and, therefore, could not recover the sums it had paid out, and, so determining, struck the pleadings seeking recovery thereof.

Here, insisting that the judgment must be reversed, appellant urges upon us that the well pleaded facts stated in the counter claim were more than sufficient under the federal rules and decisions to state a claim and that, under settled law,[2] the court erred in striking the pleadings, instead of, as he should have done, hearing the claim on its merits.

So urging and arguing that the code section invoked by plaintiff and the district judge is without application to the situation presented here and that the Terrell case is equally so, appellant insists that if it is permitted to try the issues tendered by the stricken pleadings, it will establish its right to recover the amounts which, as a result of plaintiff's fault in selling it corn unfit for use, it has been compelled to pay. Pointing out that the code section in letter and in spirit deals only with the familiar situation not presented here, of efforts to recover back from persons to whom the payments were made moneys paid under circumstances where the payer is not equitably entitled to recover them back, and that the Terrell case, on its particular facts, dealt with a premature effort to recover on a warranty, while what are involved here are questions of indemnity and subrogation, appellee urges upon us that, under clearly established principles, the order was erroneous and must be reversed.

In 27 Am.Jur., "Indemnity" at p. 455 et seq. and Supp. pp. 142–147, the law as pertinent here is carefully and fully stated. Pointing out in Section 6 that indemnity springs from a contract, express or implied, and dealing first with indemnity under express contract, the text under "Implied Contract of Indemnity", Secs. 16, "Generally", and 18,

---

1. "Voluntary payments; recovery back.— Payments of taxes or other claims, made through ignorance of the law, or where the facts are known, and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party, are deemed voluntary, and cannot be recovered back, unless made under an urgent and immediate necessity therefor, or to release person or property from detention, or to prevent an immediate seizure of person or property.

Filing a protest at the time of payment does not change the rule."

2. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80; John Walker & Sons v. Tampa Cigar Co., 5 Cir., 197 F.2d 72; Tauzin v. St. Paul Mercury Indem. Co., 5 Cir., 195 F.2d 223; Weil Clothing Co. v. Glasser, 5 Cir., 213 F.2d 296, at page 299; Atwood v. Humble Oil & Ref. Co., 5 Cir., 243 F.2d 885; and Augusta Broadcasting Co v. United States, 5 Cir., 170 F.2d 199.

"Right of Person Compelled to pay for Another's Wrong", at pp. 465 and 467, Supp. pp. 144–5, citing authorities in support, including a case from this court, St. Louis-San Francisco Ry. v. United States, 187 F.2d 925, which we think is decisive, carefully states the principles controlling here:

> "Sec. 16. * * * It has been generally stated that a contract of indemnity need not be express, but that indemnity may be recovered if the evidence establishes an implied contract. And although a right of indemnity generally arises by contract, express or implied, it has been said to exist whenever the relation between the parties is such that either in law or in equity there is an obligation on one party to indemnify the other, as where one person is exposed to liability by the wrongful act of another in which he does not join. * * * "

> "Sec. 18. * * * Accordingly, it has been stated that a person who, without fault on his own part, has been compelled to pay damages occasioned by the primary negligence of another is entitled to indemnity from the latter, whether contractual relations exist between them or not. * * * "

The district court, stating that defendant has cited many cases [3] "pointing out upon apparently good reason that a person in the situation of defendant milling company should be permitted to pay off the claims in question and then in a subsequent action, such as here pending, prove that the amounts paid in settlement were reasonable and the necessity for the payment existed", went on to say:

> "However, the Georgia statute as to voluntary payments above cited has been strictly construed by the Georgia courts as against a person making the payments."

We think with deference that the learned judge erred in analogizing this case to the Terrell case, supra, and in bringing it under the Georgia Statute.

Georgia cases, cited by appellant, which we think show this to be so and support appellant's position, are: Western Union Tel. Co. v. Smith, 50 Ga.App. 585, 178 S.E. 472, 473, where the court said:

> "Legal subrogation, as distinguished from conventional subrogation where the right exists only by agreement, arises by operation of law where one having a fiduciary or other relation creating a liability or right to pay the debt of another makes the payment under such circumstances as entitle him to the rights, remedies, and securities of the beneficiary of the payment. Legal subrogation is founded upon principles of equity, and is based upon considerations of good conscience and public policy. It will not aid a mere volunteer who, without any liability or duty, legal or moral, pays an obligation of another. It has been granted and applied in favor of three general classes of persons: Those who pay in the performance of a legal duty imposed by contract, statute, or rule of law; those who pay for the protection of their own rights and interest; and those whose payment is favored by public policy."

and Georgia Southern & Florida Ry. v. Jossey, 105 Ga. 271, 31 S.E. 179. In the latter case the court cited with approval at page 273 of 105 Ga., at page 180 of 31 S.E. the case of Smith v. Foran, 43 Conn. 244, cited by appellant.

Quite recently in Georgia Southern & Florida Ry. Co. v. United States Cas. Co., 97 Ga.App. 242, 102 S.E.2d 500, 502, the Georgia Court of Appeals, citing the annotation at 49 A.L.R.2d at page 694,

---

3. Cornell Steam-Boat Co. v. Jersey City, D.C., 43 F. 166; Dunn v. Uvalde Asphalt Paving Co., 175 N.Y. 214, 67 N.E. 439; Fenly v. Revell, 170 Kan. 705, 228 P.2d 905; Gray v. Boston Gas Light Co., 114 Mass. 149, 19 Am.Rep. 324; Smith v. Foran, 43 Conn. 244, 21 Am.Rep. 647.

held in a case of indemnity by express contract:

"When an insurer denies coverage and absolutely refuses to defend an action against an insured, when it could do so with reservations of its right as to coverage, the legal consequence of such refusal is that it waives the provisions of the policy against a settlement by the insured and becomes bound to pay the amount of any settlement made in good faith plus expenses and attorneys' fees."[4]

While in those cases the contract of indemnity was express and here it is implied, the controlling principle is the same, and when the indemnitor, advised of the damages caused and the claims made, refused to recognize his obligations, the indemnitee had the right in the interest of both to make fair and reasonable settlements and to recover indemnity therefor.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

4. Other cases to the same effect are Commercial Casualty Co. v. Tri State Transit Co., 1941, 190 Miss. 560, 1 So.2d 221, 225, 133 A.L.R. 1510; Hardware Mutual Cas. Co. v. Schantz, 5 Cir., 1951, 186 F.2d 868, 871–872; Boutwell v. Employers Lia. Co., 5 Cir., 1949, 175 F.2d 597, 599–600; Gulf Portland Cement Co. v. Globe Indemnity Co., 5 Cir., 1945, 149 F.2d 196.